CUNNINGHAM, Respondent, v. STEAMBOAT LOW-WATER, Appellant.

1. Where a hand, employed on a steamboat for a trip at certain agreed wages per month, is, without cause, discharged before the termination of the trip, he may recover compensation at the agreed wages for a trip of the usual length; if the trip should be extended by accident beyond the usual period, he could not recover full wages for the whole time including the accidental detention.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action against the steamboat Low-Water to recover " one trip's wages as a rousabout," alleged to be due plaintiff. The second instruction referred to in the opinion is as follows : " If the jury believe that the plaintiff was hired for the trip and was put off the boat without fault and without his consent, then he is entitled to recover for the full trip, and the amount paid to the plaintiff at St. Charles is no bar to the suit, unless it was received by the plaintiff as a settlement in full for the trip or time for which he was hired, but is a credit on his claim of the amount received." ·

*S. H. Gardner* and *Jecko*, for appellant.

I. Under the statute the boat was only liable " for work done or services rendered on board the same." Plaintiff was paid for all the services actually rendered. (16 Mo. 266 ; 19 Mo. 476.) If the doctrine laid down in the instruction given be correct, the plaintiff could have recovered wages until the boat returned to St. Louis, even had she been detained up the Missouri for six months.

*Kellam*, for respondent.

NAPTON, Judge, delivered the opinion of the court.

The second instruction which the court gave in this case, although a correct exposition of the law generally, was not, we think, proper under the circumstances. There was evidence to show that, by an accident to her machinery, the

boat was detained some eight days beyond the usual period of her trips, and the instruction should have limited the recovery to full wages for a successful trip of the ordinary length. (The Elizabeth, 2 Dodson's Ad. R. 403.)

The instruction which was asked on behalf of the boat, directing the jury to deduct wages which were earned or might have been earned on other boats, was properly refused, because there was no evidence given to show that such wages were obtained or could have been obtained.

We merely refer to the opinion of the court in the case of Th. Grant v. The Steamboat Maria Denning, for our opinion upon the points presented by the other instructions. (See ante, p. 280.)

The other judges concur. Judgment reversed and cause remanded.